IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MODEST DONALDSON,

    Plaintiff,

vs.

CAROLYN W. COLVIN[1], Commissioner of Social Security,

    Commissioner.

Case No. 11-cv-00554-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Modest Donaldson's motion for attorney fees (Doc. 33). The Commissioner of Social Security filed a response (Doc. 37) to Donaldson's motion and Donaldson replied (Doc. 41). For the following reasons, the Court grants Donaldson's motion for attorney's fees.

### I.    Facts and Procedural History

Donaldson applied for Supplemental Security Income under Title XVI of the Social Security Act and the Commissioner found her not disabled. After exhausting the administrative appeals process, Donaldson filed a claim with this Court seeking review of the Commissioner's decision (Doc. 2). On July 6, 2012, Magistrate Judge Proud submitted a Report and Recommendation recommending that the Court grant Donaldson's motion for summary judgment (Doc. 30). On July 27, 2012, this Court adopted the Report and Recommendation,

---

[1] On February 14, 2013, Carolyn W. Colvin was named Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is automatically substituted as Commissioner herein. See also, the last sentence of 42 U.S.C. §405(g). ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commisioner of Social Security or any vacancy in such office.").

reversed the Commissioner's decision finding Donaldson not disabled and remanded her claim for further proceedings (Doc. 31).

On August 16, 2012, Donaldson filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. 33). In her motion, Donaldson alleged that the Commissioner's position was not substantially justified and that she was the prevailing party under the EAJA. Based on these allegations, Donaldson asked that this Court grant her fees and costs under the EAJA in the amount of $10,963.47. This amount was comprised of 58.9 attorney hours at $182.75 per hour, 2.1 legal assistant hours at $95.00 per hour plus costs of $30.17. The Commissioner filed a response on September 25, 2012 stating that both the hourly rate and the number of hours Donaldson requested were unreasonable. On October 5, 2012, Donaldson filed a reply and requested additional fees for the time spent preparing the reply (Doc. 41). In her reply, Donaldson requested an additional $676.17. This additional amount was comprised of 3.7 attorney hours at $182.75 per hour and brought the total amount of fees Donaldson requested to $11,639.64.

## II. Analysis

Under the EAJA, the Court shall award attorney fees and expenses to a party to a civil action against the United States if: (1) the party was a prevailing party, (2) the party's application for fees was timely filed, (3) the position of the United States was not substantially justified, and (4) the fees and other expenses requested are reasonable. 28 U.S.C. § 2412(d)(1)(B). The fees and expenses that may be awarded are "limited to work performed in the judicial proceeding challenging the administrative denial of benefits." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011).

The Commissioner only challenged the reasonableness of the attorney's fees requested by Donaldson (Doc. 37). Thus, this Court will only address the reasonableness of the attorney's fees requested and not the other elements necessary to be entitled to an award of fees under the EAJA. In her response to Donaldson's motion for attorney's fees, the Commissioner asserted that Donaldson's requested fees are unreasonable because: (1) the hourly rate requested exceeds the statutory ceiling of $125 per hour and (2) the total number of hours requested is excessive. The Court will now address each of these claims in turn.

### 1. Reasonableness of Hourly Rate Requested

The EAJA states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The attorney for a plaintiff requesting an increase in fees must show that inflation has increased and that it has increased the attorney's cost of providing "adequate legal service." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). Additionally, the plaintiff must provide appropriate evidence to show "'that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

Here, Donaldson's attorney, Barry Schultz, appropriately documented the increase in inflation and the subsequent increase in the cost to him of continuing to provide adequate legal services. Schultz provided the Court with the "All Items" figure from the Consumer Price Index

to show the increase in inflation (Doc. 33-1). He also affirmed his own increase in costs directly in the motion for fees (Doc. 33). Schultz showed increases in the cost of rent, salaries to legal and administrative staff, health insurance, research tools and office supplies. *Id.* Additionally, Schultz provided affidavits from other attorneys who work in the same area of practice that show an hourly rate ranging from $165-$500 (Doc. 33-4 to 33-7). Although these affidavits are not from attorneys who practice in the Southern Illinois area as Schultz does, the Court finds the affidavits of attorneys outside the geographic area sufficient to show that the hourly rate requested by Schultz is in line with those charged by other similarly situated attorneys.

Accordingly, Donaldson met her burden by providing appropriate evidence to support her request for an increase in attorney's fees over the statutory ceiling of $125 per hour to $182.75 per hour. Now, the Court will turn to address whether the total number of hours Donaldson requested is reasonable.

### 2. Reasonableness of Total Number of Hours Requested

In her motion for fees and subsequent reply, Donaldson requested fees for a total of 62.6 attorney hours and 2.1 legal assistant hours. In her response to the motion for fees, the Commissioner alleged that the total number of hours requested by Donaldson is unreasonable because Donaldson made a calculation error, billed for seeking an extension of time and spent too much time briefing. "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Therefore, hours that are excessive, redundant or otherwise unnecessary should not be included in a fee request. *Id* at 432-34. Also, legal assistant are not properly included in a fee request because they constitute overhead expenses, unless the legal assistant "performs work traditionally done by an attorney." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).

However, time spent on a request for an extension of time is properly included in a fee request, provided there are not an excessive number of requests and the time spent on a request is minimal. *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 779-80 (E.D. Wis. 2004).

First, the Court finds that the fees requested for time spent on the case by legal assistants is only partially billable. The 1.1 hours spent by a legal assistant on June 16, 2011, preparing the complaint and other documents to be filed is properly billable because it is work traditionally done by an attorney. However, the time spent making phone calls and preparing the EAJA Itemization of Time is work traditionally done by non-professional staff and is therefore overhead and not properly billable.

Next, the Court finds that the time Donaldson spent requesting an extension of time was properly billable. Donaldson only filed one request for an extension while the Commissioner filed several. The extension Donaldson requested was only for three weeks and was uncontested by the Commissioner. Under these circumstances, the time spent requesting an extension of time was reasonable and therefore properly billable.

Conversely, the Court finds that Donaldson spent an excessive amount of time preparing her brief and preparing motions. This case involved the following issues: (1) the ALJ failed to consider evidence, (2) the ALJ failed to check vocational expert's testimony against the Dictionary of Occupational Titles, (3) the ALJ erred in the weight given to the opinions of treating physicians and (4) the ALJ conducted an improper credibility analysis. In the Court's experience, these issues are common in Social Security cases. There were no novel legal issues in this particular case that required additional time to research and prepare. The total amount of time spent preparing briefs, including reviewing and abstracting the record, drafting arguments and editing, was well in excess of what is reasonable under the particular circumstances of this

case. In addition, the time spent by attorneys reviewing multiple drafts of briefs was redundant and unnecessary.

Finally, the Court finds that Donaldson did make an error when calculating the total attorney hours originally requested. Donaldson requested an additional .06 hours that were not accounted for in the Itemization of Time she provided. As this time was not actually expended by Donaldson, it is not properly billable.

Accordingly, the Court finds that the total number of hours Donaldson requested is unreasonable. An initial reduction of .06 attorney hours from the total number of attorney hours requested is necessary to correct Donaldson's calculation error. A further reduction by half of the attorney hours is necessary to bring the total number of attorney hours to the reasonable amount of 29.15 hours. Additionally, a reduction of 1.0 legal assistant hour is necessary to bring the total number of legal assistant hours to the reasonable amount of 1.1 hours.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Donaldson's motion for fees (Doc. 33). The Court awards attorney fees at the rate of $182.75 an hour, for an attorney fee award of $5,327.16 (29.15 hours x $182.75 per hour). The Court awards legal assistant fees at the rate of $95.00 an hour, for a legal assistant fee award of $104.50 (1.1 hours X $95.00 per hour). Additionally, the Court awards costs of $30.17 for mailing and copies. The total attorney fees, legal assistant fees and costs award is: $5,461.83.

**IT IS SO ORDERED.**

**DATE:** March 20, 2013

                                                        s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **DISTRICT JUDGE**